Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

AMAZON.COM, INC.,

            Plaintiff,

     v.

DISCOVERY COMMUNICATIONS, INC.,

            Defendant.

No. 2:09-cv-0681-RSL

DEFENDANT DISCOVERY
COMMUNICATIONS, INC.'S
ANSWER TO THE COMPLAINT

In response to the Complaint filed by Plaintiff Amazon.com Inc. ("Amazon") on May 15, 2009, Defendant Discovery Communications, Inc. ("Discovery") pleads as follows:

## NATURE OF THE ACTION

1.     Discovery admits that Amazon's Complaint alleges a civil action for patent infringement brought pursuant to the patent laws of the United States, Title 35 of United States Code.  Except as expressly admitted, Discovery denies the allegations of Paragraph 1.

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 1

**THE PARTIES**

2.      Discovery lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies each and every allegation contained therein.

3.      Admitted.

**JURISDICTION AND VENUE**

4.      Discovery admits that Amazon's Complaint alleges an action for patent infringement arising under Title 35 of United States Code.  Discovery admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Discovery denies the allegations of Paragraph 4.

5.      Discovery admits that this Court has personal jurisdiction over it because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Washington and within the Western District of Washington.  Except as expressly admitted, Discovery denies each and every allegation of Paragraph 5.

6.      Admitted.

**CLAIMS FOR RELIEF**

7.      Discovery realleges and incorporates by reference the above Paragraphs as if fully set forth herein.

**First Claim for Relief for Infringement of U.S. Patent No. 6,006,225**

8.      Discovery admits that, on its face, U.S. patent No. 6,006,225 ("the '225 patent"), entitled "Refining Search Queries by the Suggestion of Correlated Terms from Prior Searches," indicates that it was issued by the United States Patent and Trademark Office ("PTO") on December 21, 1999.  Discovery admits that a copy of the '225 patent was attached to the Complaint as Exhibit 1.  Except as expressly admitted, Discovery lacks

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 2

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  sufficient knowledge or information to form a belief as to the truth of the remaining

2  allegations of Paragraph 8, and therefore denies the remaining allegations contained therein.

3        9.    Discovery admits that it owns, receives revenue from, and is affiliated with

4  an online store that is accessible at http://store.discovery.com and that sells products related

5  to the Discovery Channel, The Learning Channel, Animal Planet, the Military Channel, and

6  the Science Channel.  Except as expressly admitted, Discovery denies each and every

7  allegation of Paragraph 9.

8        10.    Discovery denies each and every allegation of Paragraph 10.

9        11.    Discovery denies each and every allegation of Paragraph 11.

10      **Second Claim for Relief For Infringement of U.S. Patent No. 6,169,986**

11        12.    Discovery admits that, on its face, U.S. patent No. 6,169,986 ("the '986

12  patent"), entitled "System and Method for Refining Search Queries," indicates that it was

13  issued by the PTO on January 2, 2001.  Discovery admits that a copy of the '986 patent was

14  attached to the Complaint as Exhibit 2.  Except as expressly admitted, Discovery lacks

15  sufficient knowledge or information to form a belief as to the truth of the remaining

16  allegations of Paragraph 12, and therefore denies the remaining allegations contained

17  therein.

18        13.    Discovery denies each and every allegation of Paragraph 13.

19        14.    Discovery denies each and every allegation of Paragraph 14.

20      **Third Claim for Relief For Infringement of U.S. Patent No. 6,266,649**

21
22        15.    Discovery admits that, on its face, U.S. patent No. 6,266,649 ("the '649

23  patent"), entitled "Collaborative Recommendations Using Item-to-Item Similarity

    Mappings," indicates that it was issued by the PTO on July 24, 2001.  Discovery admits that

24  a copy of the '649 patent was attached to the Complaint as Exhibit 3.  Except as expressly

25  admitted, Discovery lacks sufficient knowledge or information to form a belief as to the

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 3

truth of the remaining allegations of Paragraph 15, and therefore denies the remaining

allegations contained therein.

16.     Discovery denies each and every allegation of Paragraph 16.

17.     Discovery denies each and every allegation of Paragraph 17.

### Fourth Claim for Relief For Infringement of U.S. Patent No. 6,317,722

18.     Discovery admits that, on its face, U.S. patent No. 6,317,722 ("the '722

patent"), entitled "Use of Electronic Shopping Carts to Generate Personal

Recommendations," indicates that it was issued by the PTO on November 13, 2001.

Discovery admits that a copy of the '722 patent was attached to the Complaint as Exhibit 4.

Except as expressly admitted, Discovery lacks sufficient knowledge or information to form

a belief as to the truth of the remaining allegations of Paragraph 18, and therefore denies the

remaining allegations contained therein.

19.     Discovery denies each and every allegation of Paragraph 19.

20.     Discovery denies each and every allegation of Paragraph 20.

### ADDITIONAL DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them,

Discovery asserts the following additional defenses and reserves the right to amend its

Answer as additional information becomes available.

### FIRST DEFENSE

### (License and/or Patent Exhaustion)

21.     To the extent functionality accused of infringing the claims of the '225

patent, the '986 patent, the '649 patent, or the '722 patent (collectively, the "patents-in-

suit") is provided by third-parties who have a license from Amazon to provide such

functionality, on information and belief Discovery is authorized to practice the patents-in-

suit by license and/or under the doctrine of patent exhaustion.

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 4

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

22. For example, in Case Nos. 06-242 and 06-452 (E.D. Tex.), Amazon alleged that IBM infringed one or more of the patents-in-suit. The dockets for those cases indicate that they ended in a voluntary dismissal. On information and belief, that dismissal included a license to IBM from Amazon to practice one or more of the patents-in-suit. To the extent functionality accused of infringing the patents-in-suit is provided by licensed IBM software, on information and belief Discovery is authorized to practice the patents-in-suit by license and/or under the doctrine of patent exhaustion.

## SECOND DEFENSE

### (Invalidity)

23. Each claim of the patents-in-suit is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and 112 of Title 35, and/or under the doctrine of obviousness-type double patenting. Examples of such grounds include:

24. Each of the patents in suit fails to claim "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" under 35 U.S.C. § 101 because, *inter alia*, no claim of any of the patents in suit is tied to a particular machine or apparatus and does not claim a transformation of a particular article into a different state or thing, and therefore fails to claim patentable subject matter.

25. Each of the patents in suit fails to fulfill the conditions for patentability specified in 35 U.S.C. § 102. One or more of the claims of the '225 and '986 patents are invalid as anticipated by patents granted in the United States before the invention, including U.S. Patent No. 6,014,665 (the "'665 patent"). One or more of the claims of the '649 patent is invalid as anticipated by patents granted in the United States before the invention, including U.S. Patent No. 5,974,396 (the "'396 patent") entitled "Method and System for Gathering and Analyzing Consumer Purchasing Information Based on Product and

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1    Consumer Clustering Relationships" and U.S. Patent No. 6,782,370 (the "'370 patent")

2    entitled "System and Method for Providing Recommendation of Goods or Services Based

3    on Recorded Purchasing History." One or more of the claims of the '722 patent is invalid

4    as anticipated by patents granted in the United States before the invention, including the

5    '370 patent.

6        26.    Each of the patents in suit fails to fulfill the conditions for patentability

7    specified in 35 U.S.C. § 103. One or more of the claims of the '225 and '986 patents are

8    invalid as obvious in light of the prior art at the time the invention was made, including at

9    least the combinations of the '665 patent and U.S. Patent Nos. 5,062,074, entitled

10   "Information Retrieval System and Method;" 5,983,219, entitled "Method and System for

11   Executing a Guided Parametric Search;" 6,032,145, entitled "Method and System for

12   Database Manipulation;" and 6,175,829, entitled "Method and Apparatus for Facilitating

13   Query Reformulation." One or more of the claims of the '649 and '722 patents are also

14   invalid as obvious in light of the prior art at the time the invention was made, including at

15   least the combinations of the '396 patent, the '370 patent, and U.S. Patent Nos. 5,459,306,

16   entitled "Method and System for Delivering on Demand, Individually Targeted

17   Promotions;" 5,745,681, entitled "Stateless Shopping Cart for the Web;" 5,897,622, entitled

18   "Electronic Shopping and Merchandising System;" 5,956,693, entitled "Computer System

19   for Merchant Communication to Customers;" 6,041,311, entitled "Method and Apparatus

20   for Item Recommendation Using Automated Collaborative Filtering;" and 6,334,127,

21   entitled "System, Method and Article of Manufacture for Making Serendipity-weighted

22   Recommendations to a User."

23       27.    Each of the patents in suit fails to fulfill the conditions for patentability

24   specified in 35 U.S.C. § 112. One or more claims of the patents-in-suit is invalid for failure

25   to meet the requirements of 35 U.S.C. § 112, first paragraph, at least because the

26   specification does not contain an adequate written description of the invention claimed

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 6

therein.  Moreover, one or more claims of the patents-in-suit is invalid for failure to meet the requirements of 35 U.S.C. § 112, second paragraph, at least because those claims fail to particularly point out and distinctly claim the subject matter the applicant regards as his invention.

### THIRD DEFENSE

### (Prosecution History Estoppel/Prosecution Disclaimer)

28.     Discovery reserves the right to assert that Amazon is barred under the doctrine of prosecution history estoppel from asserting a claim for infringement by equivalents, and is barred under the doctrine of prosecution disclaimer from asserting claim constructions that would be required to find infringement.

### FOURTH DEFENSE

### (Inequitable Conduct as to the '225 and '986 patents)

29.     The '225 and '986 patents are unenforceable due to inequitable conduct.

30.     On information and belief, individuals subject to the duty of candor, including the named inventors and other persons with substantive involvement in the filing and/or prosecution of the applications that resulted in the '225 patent and the '986 patent (collectively, "applicants") withheld material prior art references that were known to them through the prosecution of their own patents and applications and material information regarding their own co-pending applications for patents on related subject matter, including office actions and responses.  Upon information and belief, such failure of disclosure was done with an intent to deceive or mislead the PTO.  Such conduct includes the details conveyed below.

31.     *'081 Application.*  On information and belief, applicants knew of the existence of application No. 09/041,081 (the "'081 application"), which issued as U.S. Patent No. 6,185,558 (the "'558 patent"), entitled "Identifying the Items Most Relevant to a Current Query Based on Items Selected in Connection with Similar Queries," during the

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

prosecution of the application that led to the '986 patent (the "'986 application") and the application that led to the '225 patent (the "'225 application"). In particular, the '081 application was co-pending with both the '225 application and the '986 application. The '081 application was filed on March 10, 1998 and issued as a patent on February 6, 2001; the '225 application was filed on September 1, 1998 and issued as a patent on December 21, 1999; and the '986 application was filed on October 1, 1999 and issued as a patent on January 2, 2001. The '081 application was also assigned to Amazon and shared in common with the '986 application inventors Dwayne Bowman, Ruben E. Ortega, and Joel R. Spiegel.

32.    The '081 application was directed to a system for improving search query results by identifying the results that were most frequently selected by users in connection with past queries. Therefore, the '081 application was directed to the same subject matter as the '225 application and the '986 application (which were also directed to improving search queries based on a history of past queries). Indeed, the Examiner rejected pending claims of the '081 application under the doctrine of obviousness-type double patenting as being unpatentable over claims of the '225 patent, stating that claims of the '081 application and the '225 patent are "not patentably distinct from each other." However, the existence of the '081 application was not disclosed to the PTO during prosecution of the '225 application or the '986 application.

33.    Accordingly, the applicants also failed to disclose multiple office actions issued by the PTO (dated September 21, 1999 and March 7, 2000) and a substantive response (dated December 17, 1999) in the '081 application in either the '225 application or the '986 application. Each of these office actions rejected all pending claims of the '081 application on grounds that included 35 U.S.C. §§101, 102 and 112, and the applicant's response not only amended pending claims but also tried to "clarify the subject matter that Applicants consider to be their invention." Therefore, the September 21, 1999 office action

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 8

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    and the December 17, 1999 response were material to the prosecution of the '225

2    application, and the September 21, 1999 and March 7, 2000 office actions and the

3    December 17, 1999 response were material to the prosecution of the '986 application.

4    However, neither these office actions nor the applicant's response were disclosed to the

5    PTO during prosecution of the '225 application or the '986 application.

6         34.    In addition, applicants never disclosed in either the '986 application or the

7    '225 application the prior art cited by the Examiner during prosecution of the '081

8    application.  In particular, material prior art relating to search query methods in information

9    storage systems was cited by the Examiner in an office action dated September 21, 1999,

10   and could have been but never was disclosed to the PTO in either the '986 application or

11   the '225 application, including without limitation, U.S. Patent Nos. 5,640,553, entitled

12   "Relevance Normalization for Documents Retrieved From an Information Retrieval System

13   in Response to a Query;" 5,826,261, entitled "System and Method for Querying Multiple,

14   Distributed Databases by Selective Sharing of Local Relative Significance Information for

15   Terms Related to the Query;" and 5,920,859, entitled "Hypertext Document Retrieval

16   System and Method."   Not only was this prior art cited, the Examiner found the '553 patent

17   to anticipate all pending claims of the '081 application, and the '261 patent and '859 patents

18   to be "pertinent to applicant's disclosure."  Therefore, the '553. '261, and '859 patents were

19   material to the prosecution of the '225 application and the '986 application.

20        35.    On information and belief, applicants knowingly withheld this material

21   information with intent to deceive the PTO.  In fact, applicants' intent to deceive can be

22   inferred from their pattern of failing to disclose co-pending applications drawn to related

23   technologies, including but not limited to the failure to disclose the '081 application and

24   two other applications— application Nos. 09/532,230 (the "'230 application") and

25   09/551,787 (the "'787 application").

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 9

36.    **'230 Application.**  On information and belief, applicants knew of the existence of the '230 application, which issued as U.S. Patent No. 6,772,150, entitled "Search Query Refinement Using Related Search Phrases," during the prosecution of the '986 application.  The '230 application was co-pending with the '986 application.  The '230 was filed on March 22, 2000 and issued as a patent on August 3, 2004, while the '986 application was filed on October 1, 1999 and issued as a patent on January 2, 2001.  The '230 application was assigned to Amazon and was filed and prosecuted by Ronald J. Schoenbaum of Knobbe, Martens, Olson & Bear, LLP, the same attorney and firm that prosecuted the '986 application.

37.    The '230 application was directed to a search engine system that uses information from a history of query submissions to suggest related search phrases to the user.  Therefore, the '230 application was directed to the same subject matter as the '986 application.  However, the existence of the '230 application was not disclosed to the PTO during prosecution of the '986 application.

38.    **'787 Application.**  On information and belief, applicants knew of the existence of the '787 application, which issued as U.S. Patent No. 6,564,213, entitled "Search Query Autocompletion," during the prosecution of the '986 application.  The '787 application was co-pending with the '986 application.  The '787 application was filed on April 18, 2000 and issued as a patent on May 13, 2003, while the '986 application was filed on October 1, 1999 and issued as a patent on January 2, 2001.  The '787 application was assigned to Amazon and was filed and prosecuted by Ronald J. Schoenbaum of Knobbe, Martens, Olson & Bear, LLP, the same attorney and firm that prosecuted the '986 application.  The '787 application shared in common with the '986 application inventor Ruben E. Ortega.

39.    The '787 application was directed to system for automatically providing terms and phrases to complete user-entered search queries.  Therefore, the '787 application

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

was directed to the substantially-similar subject matter as the '986 application.  However, the existence of the '787 application was not disclosed to the PTO during prosecution of the '986 application.

### FIFTH DEFENSE

### (Inequitable Conduct as to the '649 Patent)

40.     The '649 patent is unenforceable because the patent was obtained through inequitable conduct.

41.     On information and belief, individuals subject to the duty of candor (as above, "applicants"), including the named inventors and other persons with substantive involvement in the filing and/or prosecution of U.S. Patent Application Serial No. 09/157,198 ("the '198 application"), which issued as the '649 patent, withheld material prior art references that were known to them through the prosecution of their own patents and applications and material information regarding their own co-pending applications for patents on related subject matter, including office actions and responses.  Upon information and belief, such failure of disclosure was done with an intent to deceive or mislead the PTO.  Such conduct includes the details conveyed below.

42.     The '649 patent states in the summary of disclosure that it is directed to "a computer-implemented service and associated methods for generating personalized recommendations of items based on the collective interests of a community of users."

43.     *'850 Application.*  On information and belief, during the prosecution of U.S. Patent Application No. 09/715,850 (the "'850 application"), now issued as US Patent No. 7,433,832 ("Methods and Systems for Distributing Information Within a Dynamically Defined Community"), applicants became aware of prior art they owed a duty to disclose in the co-pending '198 application.

44.     In particular, in an Information Disclosure Statement ("IDS") dated May 2, 2001 filed in the prosecution of the co-pending '850 application, Jennifer A. Jacobi, one of

DEFENDANT DISCOVERY COMMUNICATIONS, INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 11

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   the named inventors of the '649 patent, disclosed International Patent Application No. WO

2   00/62223 (the "'223 application") ("Systems and Methods for Assisting Users in Selecting

3   and Evaluating Items from an Electronic Catalog").  In addition, the prosecutor of the '649

4   patent, Ronald J. Schoenbaum, also prosecuted the '850 application and signed the

5   May 2, 2001 IDS.

6        45.    The '223 application disclosed, *inter alia*, techniques for generating

7   personalized recommendations of items based on the collective interests of a community of

8   users.  Indeed, the '223 application claimed a "method of assisting users in selecting items

9   from an electronic catalog of items, the catalog accessible to users of an online store that

10  provides services for allowing users to purchase items from the catalog" that included steps

11  drawn to "tracking online purchases of items from the store by the users to generate

12  purchase history data, and storing the purchase history data in a computer memory" and to

13  "electronically notifying" users of recommended items.  Therefore, the '223 application

14  was material prior art to the '198 application, which is drawn to the same subject matter.

15  On information and belief, applicants knowingly withheld this material information with

16  intent to deceive the PTO.

17       46.    ***'447 and '322 Applications.***  On information and belief, during the

18  prosecution of the U.S. Patent Application No. 09/377,447 (the "'447 application"), now

19  issued as U.S. Patent No. 6,963,850 (the "'850 patent") ("Computer Services for Assisting

20  Users in Locating and Evaluating Items in an Electronic Catalog Based on Actions

21  Performed by Members of Specific User Communities"), and U.S. Patent Application

22  09/377,322 (the "'322 application"), now issued as U.S. Patent No. 7,082,407 (the "'407

23  patent") ("Purchase Notification Service for Assisting Users in Selecting Items from an

24  Electronic Catalog"), applicants became aware of prior art they owed a duty to disclose in

25  the co-pending '198 application.

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 12

47.    The '447 and '322 applications were assigned to Amazon and prosecuted by the same counsel as the patents in suit.  In connection with the prosecution of the '447 application, Mr. Schoenbaum signed an IDS on November 8, 2000 that included a number of material prior art references, including U.S. Patent No. 5,974,396 (the "'396 patent") ("Method and System for Gathering and Analyzing Consumer Purchasing Information Based on Product and Consumer Clustering Relationships"); 5,956,693 (the "'693 patent") ("Computer System for Merchant Communication to Customers"); 6,064,980 (the "'980 patent") ("System and Methods for Collaborative Recommendations"); and 6,041,311 (the "'311 patent") ("Method and Apparatus for Item Recommendation Using Automated Collaborative Filtering").  All four of these prior art patents were also disclosed on a November 8, 2000 IDS signed by Mr. Schoenbaum in the prosecution of the '322 application.  In addition, applicants also were aware of the '980 patent because the two named inventors of the '980 patent, Ms. Jacobi and Eric A. Benson, are also named inventors on the '649 patent.

48.    The '396 patent discloses, *inter alia*, analysis of "relationships between the consumers and the products.  Product, consumer, and transactional data are maintained in a relational database.  Targeting of specific consumers with marketing and other promotional literature is based on consumer buying habits, needs, demographics, etc."  The '396 patent therefore concerned information filtering in the context of electronic commerce conducted over the Internet, and was material prior art to the co-pending '198 application, which is drawn to the same subject matter.  On information and belief, applicants knowingly withheld this material information with intent to deceive the PTO.

49.    The '693 patent discloses, *inter alia*, a "communication system . . . [that] accounts for individual shopping behavior of the consumer and tailors the communication accordingly (with respect to content and timing . . .)".  The '693 patent therefore concerned information filtering in the context of electronic commerce conducted over the Internet, and

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1    was material prior art to the co-pending '198 application, which is drawn to the same

2    subject matter.  On information and belief, applicants knowingly withheld this material

3    information with intent to deceive the PTO.

4         50.    The '311 patent discloses, *inter alia*, "an improved method and apparatus for

5    recommending items and, in particular, to an improved method and apparatus for

6    recommending items using automated collaborative filtering and feature-guided automated

7    collaborative filtering."  The '311 patent therefore concerned information filtering in the

8    context of electronic commerce conducted over the Internet, and was material prior art to

9    the co-pending '198 application, which is drawn to the same subject matter.  On

10   information and belief, applicants knowingly withheld this material information with intent

11   to deceive the PTO.

12        51.    The '980 patent discloses, *inter alia*, "a recommendation service which uses

13   collaborative filtering techniques to recommend items (products and services) to users of a

14   Web site or other network-based information system."  The '980 patent therefore concerned

15   information filtering in the context of electronic commerce conducted over the Internet, and

16   was material prior art to the co-pending '198 application, which is drawn to the same

17   subject matter.  On information and belief, applicants knowingly withheld this material

18   information with intent to deceive the PTO.

19        52.    On information and belief, applicants also withheld, with the intent to

20   deceive the PTO, material non-patent publications.  Applicants knew of, and withheld from

21   the PTO, an article titled "Building Communities as Way of Building Sales" by Whit

22   Andrews (the "Andrews article").  Applicants were aware of the Andrews article at least

23   because Mr. Schoenbaum signed an IDS on November 12, 1999 which disclosed this article

24   during the prosecution of the '322 application.  This article was related to demographic

25   analysis for electronic commerce, and therefore was material to the '198 application which

26   concerned information filtering in the context of electronic commerce conducted over the

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 14

1    Internet.  On information and belief, applicants knowingly withheld this material

2    information with intent to deceive the PTO.

3        53.    **_'237 Application._**  On information and belief, during the prosecution of U.S.

4    Patent Application No. 09/156,237 (the "'237 application"), now issued as the '722 patent

5    in suit, applicants became aware of prior art they owed a duty to disclose in the co-pending

6    '198 application.

7        54.    The '237 application lists the same three inventors as the '649 patent –

8    Ms. Jacobi, Mr. Benson, and Gregory D. Linden – was assigned to Amazon, and was

9    prosecuted by the same counsel as the '649 patent.

10       55.    In connection with the prosecution of the '237 application, the applicants

11   knew of, and withheld from the PTO, material prior art relating to product

12   recommendations, including U.S. Patent No. 5,459,306 (the "'306 patent") ("Method and

13   System for Delivering on Demand, Individually Targeted Promotions").  Applicants knew

14   of the '306 patent soon after August 19, 1998, when the examiner of the co-pending '237

15   application cited the '306 patent as prior art of record and mailed applicants an office

16   action.  The '306 patent disclosed, _inter alia_, product recommends based on "information

17   collected by the system to predict purchases" including "movies which have been rented the

18   most frequently by other customers" and "movies which are in a 'best' list."  The '306

19   patent therefore is material to the '649 patent, which is drawn to the same subject matter.

20   On information and belief, applicants knowingly withheld this material information with

21   intent to deceive the PTO.

22       56.    Further, applicants knew of, and withheld from the PTO, material prior art

23   relating to collaborative filtering as a method of generating recommendations, including

24   U.S. Patent No. 5,790,935 (the "'935 patent") ("Virtual On-Demand Digital Information

25   Delivery System and Method").  Applicants knew of the '935 patent soon after August 19,

26   1998, when the examiner of the co-pending '237 application cited the '935 patent as prior

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 15

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

art of record and mailed applicants an office action.  The '935 patent discloses, *inter alia*, "[a] collaborative filtering system [that] synthesizes the preferences of all of the subscribers and then predicts those items that each subscriber might like, and therefore request."  The '935 patent therefore is material to the '649 patent, which is drawn to the same subject matter.  On information and belief, applicants knowingly withheld this material information with intent to deceive the PTO.

## SIXTH DEFENSE

### (Inequitable Conduct as to the '722 Patent)

57.    The '722 patent is unenforceable because the patent was obtained through inequitable conduct.

58.    On information and belief, individuals subject to the duty of candor (as above, "applicants"), including the named inventors and other persons with substantive involvement in the filing and/or prosecution of U.S. Patent Application Serial No. 09/156,237 ("the '237 application"), which issued as the '722 patent, withheld material prior art references that were known to them through the prosecution of their own patents and applications and material information regarding their own co-pending applications for patents on related subject matter, including office actions and responses.  Upon information and belief, such failure of disclosure was done with an intent to deceive or mislead the PTO.  Such conduct includes the details conveyed below.

59.    The '722 patent states in the summary of disclosure that it is directed to "a computer-implemented service and associated methods for generating personalized recommendations of items based on the collective interests of a community of users."

60.    *'850 Application*.  On information and belief, during the prosecution of the '850 application, now issued as the '832 patent, applicants became aware of prior art they owed a duty to disclose in the co-pending '237 application.

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 16

61.     In particular, in an IDS dated May 2, 2001 filed in the prosecution of the co-
pending '850 application, Jennifer A. Jacobi, one of the named inventors of the '722 patent,
disclosed the '223 application.  In addition, the prosecutor of the '722 patent, Ronald J.
Schoenbaum, also prosecuted the '850 application and signed the May 2, 2001 IDS.

62.     The '223 application disclosed, *inter alia*, techniques for generating
personalized recommendations of items based on the collective interests of a community of
users.  Indeed, the '223 application claimed a "method of assisting users in selecting items
from an electronic catalog of items, the catalog accessible to users of an online store that
provides services for allowing users to purchase items from the catalog" that included steps
drawn to "tracking online purchases of items from the store by the users to generate
purchase history data, and storing the purchase history data in a computer memory" and to
"electronically notifying" users of recommended items.  Therefore, the '223 application
was material prior art to the '237 application, which is drawn to the same subject matter.
On information and belief, applicants knowingly withheld this material information with
intent to deceive the PTO.

63.     ***'447 and '322 Applications.***  On information and belief, during the
prosecution of the '447 application, now issued as the '850 patent, and the '322 application,
now issued as the '407 patent, applicants became aware of prior art they owed a duty to
disclose in the co-pending '237 application.

64.     The '447 and '322 applications were assigned to Amazon and prosecuted by
the same counsel as the patents in suit.  In connection with the prosecution of the '447
application, Mr. Schoenbaum signed an IDS on November 8, 2000 that included a number
of material prior art references, including the '396 patent, the '693 patent, the '980 patent,
and the '311 patent.  All four of these prior art patents were also disclosed on a November
8, 2000 IDS signed by Mr. Schoenbaum in the prosecution of the '322 application.  In
addition, applicants were also aware of the '980 patent because the two named inventors of

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 17

YARMUTH WILSON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    the '980 patent, Ms. Jacobi and Eric A. Benson, are also named inventors on the '722

2    patent.

3        65.    The '396 patent discloses, *inter alia*, analysis of "relationships between the

4    consumers and the products.  Product, consumer, and transactional data are maintained in a

5    relational database.  Targeting of specific consumers with marketing and other promotional

6    literature is based on consumer buying habits, needs, demographics, etc."  The '396 patent

7    therefore concerned information filtering in the context of electronic commerce conducted

8    over the Internet, and was material prior art to the co-pending '237 application, which is

9    drawn to the same subject matter.  On information and belief, applicants knowingly

10    withheld this material information with intent to deceive the PTO.

11        66.    The '693 patent discloses, *inter alia*, a "communication system . . . [that]

12    accounts for individual shopping behavior of the consumer and tailors the communication

13    accordingly (with respect to content and timing . . .)".  The '693 patent therefore concerned

14    information filtering in the context of electronic commerce conducted over the Internet, and

15    was material prior art to the co-pending '237 application, which is drawn to the same

16    subject matter.  On information and belief, applicants knowingly withheld this material

17    information with intent to deceive the PTO.

18        67.    The '311 patent discloses, *inter alia*, "an improved method and apparatus for

19    recommending items and, in particular, to an improved method and apparatus for

20    recommending items using automated collaborative filtering and feature-guided automated

21    collaborative filtering."  The '311 patent therefore concerned information filtering in the

22    context of electronic commerce conducted over the Internet, and was material prior art to

23    the co-pending '237 application, which is drawn to the same subject matter.  On

24    information and belief, applicants knowingly withheld this material information with intent

25    to deceive the PTO.

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 18

68.     The '980 patent discloses, *inter alia*, "a recommendation service which uses collaborative filtering techniques to recommend items (products and services) to users of a Web site or other network-based information system." The '980 patent therefore concerned information filtering in the context of electronic commerce conducted over the Internet, and was material prior art to the co-pending '237 application, which is drawn to the same subject matter. On information and belief, applicants knowingly withheld this material information with intent to deceive the PTO.

69.     On information and belief, applicants also withheld, with the intent to deceive the PTO, material non-patent publications. Applicants knew of, and withheld from the PTO, material prior art relating to demographic analysis for electronic commerce, including the Andrews article. Applicants were aware of the Andrews article at least because Mr. Schoenbaum signed an IDS on November 12, 1999 which disclosed this article during the prosecution of the '322 application. This article was related to demographic analysis for electronic commerce, and therefore was material to the '237 application which concerned information filtering in the context of electronic commerce conducted over the Internet. On information and belief, applicants knowingly withheld this material information with intent to deceive the PTO.

70.     ***'198 Application.***  On information and belief, during the prosecution of the '198 application, now issued as the '649 patent in suit, applicants became aware of prior art they owed a duty to disclose in the co-pending '237 application.

71.     The '198 application lists the same three inventors as the '722 patent – Ms. Jacobi, Mr. Benson, and Mr. Linden – was assigned to Amazon, and was prosecuted by the same counsel as the '722 patent.

72.     Applicants knew of, and withheld from the PTO, material prior art relating to collaborative filtering as a method of predicting user preferences, including U.S. Patent No. 5,704,017 (the "'017 patent") ("Collaborative Filtering Utilizing a Belief Network").

1    Applicants knew of the '017 patent soon after August 24, 2000, when the examiner of the

2    co-pending '198 application cited the '017 patent as prior art of record and mailed

3    applicants an office action.  The '017 patent discloses, *inter alia*, a system that uses "both

4    prior knowledge obtained from an expert in a given field of decision making and a database

5    containing empirical data obtained from many people" to "predicting preferences of a user."

6    Indeed, the '017 patent claims a "collaborative filtering system for predicting a desired

7    preference of a user based on attributes of the user."  Therefore, the '017 patent was

8    material to the '237 application, which was drawn to the same subject matter.  On

9    information and belief, applicants knowingly withheld this material information with intent

10   to deceive the PTO.

11        73.    Applicants knew of, and withheld from the PTO, material prior art relating

12   to collaborative filtering as a method of recommending items, including U.S. Patent No.

13   5,790,426 (the "'426 patent") ("Automated Collaborative Filtering System") and U.S.

14   Patent No. 5,884,282 (the "'282 patent") ("Automated Collaborative Filtering System").

15   Applicants knew of the '426 and '282 patents soon after October 27, 1999, when the

16   examiner of the co-pending '198 application cited and applied the '426 patent as prior art,

17   cited the '282 patent as prior art of record, and mailed applicants an office action.  The '426

18   and '282 patents disclose, *inter alia*, "an automated collaborative filtering (ACF) system for

19   recommending at least one item to a first user based on similarity in preference of the user

20   as compared with other users. The ACF system stores rating data for items provided by

21   users of the system. Upon request of the first user, the system determines similarity values

22   for the first user as compared with other users that have provided rating data for items that

23   the first user has also rated.  Based on the similarity values, a subgroup of users is selected

24   that is then used to provide recommendations to the first user."  Therefore, each of the '426

25   patent and the '282 patent was material to the '237 application, which was drawn to the

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 20

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  same subject matter.  On information and belief, applicants knowingly withheld this

2  material information with intent to deceive the PTO.

3         74.    Applicants knew of, and withheld from the PTO, material prior art relating

4  to collaborative filtering as a method of narrowing information presented and advertising,

5  including U.S. Patent No. 5,918,014 (the "'014 patent") ("Automated Collaborative

6  Filtering in World Wide Web Advertising").  Applicants knew of the '014 patent soon after

7  October 27, 1999, when the examiner of the co-pending '198 application cited the '014

8  patent as prior art of record and mailed applicants an office action.  The '014 patent

9  discloses, *inter alia*, techniques for collaborative filtering to determine "which ads to show

10 based on characteristics of the subject's community."  Therefore, the '014 patent was

11 material to the '237 application, which was drawn to the same subject matter.  On

12 information and belief, applicants knowingly withheld this material information with intent

13 to deceive the PTO.

14        75.    Applicants knew of, and withheld from the PTO, material prior art relating

15 to collaborative filtering as a method of narrowing information presented, including U.S.

16 Patent No. 6,006,218 (the "'218 patent") ("Methods and Apparatus for Retrieving and/or

17 Processing Retrieved Information as a Function of a User's Estimated Knowledge").

18 Applicants knew of the '218 patent soon after August 24, 2000, when the examiner of the

19 co-pending '198 application cited the '218 patent as prior art of record and mailed

20 applicants an office action.  The '218 patent discloses, *inter alia*, various systems wherein

21 "the popularity of an item is used to estimate the probability that the item is already known

22 to a user" which is described as being "particularly well suited to collaborative filtering

23 based search systems . . . because collaborative filters make recommendations to a user

24 based on historical information relating to, e.g., the popularity of items being considered for

25 recommendation."  Therefore, the '218 patent was material to the '237 application, which

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 21

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    was drawn to the same subject matter.  On information and belief, applicants knowingly

2    withheld this material information with intent to deceive the PTO.

3    　　　　76.    Applicants knew of, and withheld from the PTO, material prior art relating

4    to collaborative filtering as a method of narrowing information presented, including U.S.

5    Patent No. 6,018,738 (the "'738 patent") ("Methods and Apparatus for Matching Entities

6    and for Predicting an Attribute of an Entity Based on an Attribute Frequency Value").

7    Applicants knew of the '738 patent soon after August 24, 2000, when the examiner of the

8    co-pending '198 application cited the '738 patent as prior art of record and mailed

9    applicants an office action.  The '738 patent discloses, *inter alia*, "various ways to enhance

10   collaborative filtering processes, for example, by . . . adjust[ing] the value (V.sub.i,j) of an

11   attribute of an entity based on the number of entities that have a value for (e.g., have voted

12   on) that particular attribute."  Therefore, the '738 patent was material to the '237

13   application, which was drawn to the same subject matter.  On information and belief,

14   applicants knowingly withheld this material information with intent to deceive the PTO.

15   　　　　77.    On information and belief, applicants also withheld, with the intent to

16   deceive the PTO, material non-patent publications relating to collaborative filtering, user

17   preference prediction, and product recommendation.  The following articles were known to

18   the applicants soon after August 24, 2000, when the examiner of the co-pending '198

19   application cited them as prior art of record and mailed applicants an office action:

20   
21       "Net Perceptions Closes Second Round of Financing: GroupLens secures
         No. 1 recommendation system spot with strong endorsement by investment
22       community", Business Wire, p. 3020013, Dialog File 16, AN 05495619,
         Mar. 1998.

23       "LinkShare Launches Affiliates Profiling Software; First to Integrate
         Personalization Software Into Affiliates Program", PR Newswire, LinkShare
24       Corp., Dialog File 813 AN 1232636, Feb. 1998.

25       "Fort Point Partners Teams With LikeMinds to Offer Breakthrough
         Personalization Technology for Increased Sales Online", Business Wire,
26       p.3110064, Dialog File 16, AN 05510541, Mar. 1998.

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 22

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

"Net Perceptions Debuts GroupLens Version 3.0 at Internet World Spring; 'Industrial Strength Tool Matures Into Essential Website Technology'", Business Wire, p. 3090007, Dialog File 16, AN 05505690, Mar. 1998.

"Home Box Office Selects Like Minds Personalization Software for Second Network Site", PR Newswire, p. 1117SFM023, Dialog File 148, AN 09869396, Nov. 1997.

"GroupLens Recommendation Engine to Standardize Internet Personalization For Singapore's Online Technologies Consortium", Business Wire, Dialog File 20, AN 01951318, Jun. 1998.

Resnick, P. et al., "Recommender Systems", Communications of the ACM, vol. 40, No. 3, pp. 56-58, Mar. 1997.

Borchers, A. et al., "Ganging up on Information Overload", Computer, pp. 106-108, Apr. 1998.

78.    The following articles were known to the applicants at least as early as December 7, 1998, when they disclosed them in an IDS during the prosecution of the co-pending '198 application:

Konstan, J. et al., "GroupLens: Applying Collaborative Filtering to Usenet News", Communications of the ACM, vol. 30, No. 3, pp. 77-87, Mar. 1997.

Miller, B. et al., "Experiences with GroupLens: Making Usenet Useful Again", 1997 Annual Technical Conference, pp. 219-232, 1997.

Rucker J. et al., "Siteseer: Personalized Navigation for the Web", Communications of the ACM, vol. 40, No. 3, pp. 73-76, Mar. 1997.

These non-patent publications are related to collaborative filtering, user preference prediction, and product recommendation, and therefore were material to the '237 application, which was drawn to the same subject matter. On information and belief, applicants knowingly withheld this material information with intent to deceive the PTO.

79.    *'793 Application*.  On information and belief, applicants filed the international counterpart to the '237 application, International Patent Application No. PCT/US1999/021108 on September 13, 1999, which was published on March 30, 2000 under the publication number WO/2000/017793 (the "'793 application"). The three named inventors on the international application are identical to the three named inventors of the

DEFENDANT DISCOVERY COMMUNICATIONS, INC.'S ANSWER TO THE COMPLAINT NO. 2:09-cv-0681-RSL – Page 23

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

'722 patent – Ms. Jacobi, Mr. Benson, and Mr. Linden.  On January 14, 2000, the examiner

mailed an International Search Report ("ISR") to the applicants, and, upon information and

belief, the applicants soon thereafter knew of the ISR.  On that ISR, the examiner identified

four patents as "Y" references, indicating that they were documents of particular relevance

and that "the claimed invention cannot be considered to involve an inventive step when

[each] document is combined with one or more other such documents, such combination

being obvious to a person skilled in the art."  Therefore, the ISR was material to the

American-counterpart '237 application.  On information and belief, applicants withheld the

ISR with intent to deceive the PTO.

## SEVENTH DEFENSE

### (Laches)

80.    Amazon's claims are barred by laches.  Amazon filed this lawsuit over seven

years after the last of the patents-in-suit issued.

## EIGHTH DEFENSE

### (Adequate Remedy at Law)

81.    No basis exists for the grant of equitable relief because Amazon would have

an adequate remedy at law if there were infringement, which there is not.

## NINTH DEFENSE

### (Failure to Mark)

82.    To the extent Amazon or its licensees have failed to mark any system to

which a patent-in-suit is claimed to apply, 35 U.S.C. § 287 limits recovery to any damages

Amazon alleged incurred subsequent to Discovery's notice of the patent-in-suit.

83.    Such failure to mark includes, on information and belief, products made or

sold by IBM under license from Amazon.

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 24

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## ADDITIONAL DEFENSES

### (Reserved)

84.    Discovery specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial, or otherwise.

Date:  July 23, 2009

YARMUTH WILSDON CALFO

By: */s/ Jeremy E. Roller*
   Angelo J. Calfo, WSBA No. 27079
   Jeremy E. Roller, WSBA No. 32021
818 Stewart Street, Suite 1400
Seattle, WA  98101
Telephone:  206.516.3800
Facsimile:  206.516.3888
Email:      acalfo@yarmuth.com
            jroller@yarmuth.com


DURIE TANGRI PAGE LEMLEY
ROBERTS & KENT LLP

Daralyn J. Durie (*pro hac vice* to be filed)
Ryan M. Kent (*pro hac vice* to be filed)
332 Pine Street, Suite 200
San Francisco, CA  ;94104
Tel:    415.362.6666
Fax:    415.236.6300
Email: ddurie@durietangri.com
         rkent@durietangri.com

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 25

Disc jg203502 7/23/09

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that on this date, I electronically filed the foregoing document with

4    the Clerk of the Court using the CM/ECF system which will send notification of such filing

5    to:

Attorney(s) for Plaintiff

6    Josh A. Krevitt
     Sarah E. Piepmeier

7    Y. Ernest Hsin
     **GIBSON DUNN & CRUTCHER**

8    William F. Cronin                          Attorney(s) for Plaintiff
     **CORR CRONIN MICHELSON**

9    **BAUMGARDNER & PREECE**

10

11         I declare under penalty of perjury under the laws of the State of Washington that the

     foregoing is true and correct.

12

           Dated this 23rd day of July, 2009 at Seattle, Washington.

13

14                                           /s/ Shelley Meyer
                                             Shelley Meyer

15                                           Legal Assistant

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT DISCOVERY COMMUNICATIONS,
INC.'S ANSWER TO THE COMPLAINT
NO. 2:09-cv-0681-RSL – Page 26