UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC.,

     Plaintiff,

    v.

DISCOVERY COMMUNICATIONS, INC.,

     Defendant.

Case No. C09-0681RSL

MINUTE ORDER SETTING TRIAL
DATE & RELATED DATES

| | |
|---|---|
| **TRIAL DATE** | March 7, 2011 |
| Disclosure of asserted claims and infringement contentions pursuant to Local Patent Rule 120 | October 15, 2009 |
| Disclosure of non-infringement and invalidity contentions pursuant to Local Patent Rules 121 and 122 | November 16, 2009 |
| Joint submission of potential technical advisors | November 16, 2009 |
| Deadline for joining additional parties and amending pleadings | January 4, 2010 |
| Reports from expert witnesses, if any, regarding <u>Markman</u> issues | March 22, 2010 |
| Rebuttal expert reports, if any, regarding <u>Markman</u> issues | April 20, 2010 |
| Joint claim construction and prehearing statement due pursuant to Local Patent Rule 132 | May 3, 2010 |
| Opening claim construction briefs due (24 page limit) | May 17, 2010 |
| Responsive claim construction briefs due (24 page limit) | May 31, 2010 |
| <u>Markman</u> hearing      at 9:00 a.m. on | June 10, 2010 |
| Reports from expert witnesses under FRCP 26(a)(2) due | September 17, 2010 |
| Rebuttal expert reports due | October 18, 2010 |

MINUTE ORDER SETTING TRIAL DATE & RELATED DATES - 1

All motions related to discovery must be noted on the motion
       calendar no later than the Friday before discovery closes
       pursuant to CR 7(d) or CR 37(a)(1)(B)

Discovery completed by                            November 17, 2010

All dispositive motions must be filed by       December 7, 2010
       and noted on the motion calendar no later than the
       fourth Friday thereafter (see CR 7(d)(3))

Settlement conference per CR 39.1(c)(2) held no later than   January 6, 2011

Mediation per CR 39.1(c)(3) held no later than       February 5, 2011

All motions *in limine* must be filed by         February 7, 2011
       and noted on the motion calendar seven judicial days
       thereafter pursuant to CR 7(d)(2)

Agreed pretrial order due                    February 23, 2011

Pretrial conference to be scheduled by the Court

Trial briefs, proposed voir dire questions, proposed     March 2, 2011
       jury instructions, and trial exhibits due

Length of Trial:  7-10 days                    Jury XXX

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties.  All other dates are specified in the Local Civil Rules and Local Patent Rules.  If any of the dates identified in this Order or the Local Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.  These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties.  The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed is not recognized as good cause.

If the Markman hearing or trial dates assigned to this matter create an irreconcilable conflict, counsel must notify Teri Roberts, the judicial assistant, at 206-370-8810 within 10 days of the date of this Order and must set forth the exact nature of the conflict.  A failure to do so

MINUTE ORDER SETTING TRIAL DATE & RELATED DATES - 2

will be deemed a waiver.  Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND COURTESY COPIES

As of June 1, 2004, counsel are required to electronically file all documents with the Court.  *Pro se* litigants may file either electronically or in paper form.  Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov.  The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

- Section III, Paragraph F - pursuant to Local Rule 10(e)(8), when the aggregate submittal to the court (*i.e.*, the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds **50** pages in length, a paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers by 10:30 am the morning after filing.  The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

- Section III, Paragraph L - unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

Pursuant to Local Rule 10(e)(10), all references in the parties' filings to exhibits should be as specific as possible (*i.e.*, the reference should cite the specific page numbers, paragraphs, line numbers, etc.).  All exhibits must be marked to designate testimony or evidence referred to in the parties' filings.  Filings that do not comply with Local Rule 10(e) may be rejected and/or returned to the filing party, particularly if a party submits lengthy deposition testimony without

1    highlighting or other required markings.

2                              PRIVACY POLICY

3
4    Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.2, parties must redact

5    the following information from documents and exhibits before they are filed with the court:

6        * Dates of Birth - redact to the year of birth

7        * Names of Minor Children - redact to the initials

8        * Social Security Numbers and Taxpayer Identification Numbers - redact to the last four

9
10   digits

11       * Financial Accounting Information - redact to the last four digits

12       * Passport Numbers and Driver License Numbers - redact in their entirety

13       All documents filed in the above-captioned matter must comply with Federal Rule of

14   Civil Procedure 5.2 and Local Rule 5.2.

15                           TECHNICAL ADVISOR

16
17       Depending on the nature of the invention and the factual/technical issues that are likely to

18   be in dispute, the Court may appoint a technical advisor to assist the Court during the claim

19   construction proceedings and/or the trial of this matter.  The parties shall, by the date set forth

20   above, confer and submit the resumes of three qualified individuals who are willing to serve as a

21   technical advisor in this matter.  If the Court appoints one of the nominated individuals as a

22   technical advisor, the parties shall split the cost of the expert equally.

23
24                       CLAIM CONSTRUCTION PROCEDURES

25       After exchanging the preliminary claim constructions and other information required by

26

     MINUTE ORDER SETTING TRIAL DATE & RELATED DATES - 4

Local Patent Rule 131, the parties shall meet in person to narrow the disputed issues and finalize

the Joint Claim Construction and Prehearing Statement required by Local Patent Rule 132. The

preliminary claim constructions should help the parties narrow the terms in dispute; the Court

expects the terms presented in the Joint Claim Construction and Prehearing Statement to be truly

in dispute, to be essential to the outcome of this litigation, and to number no more than ten.

The Joint Claim Construction shall be formatted as provided in the sample found at

Appendix 2 to the Local Patent Rules. The Chart must include each party's proposed

construction of disputed terms, together with specific references to the relevant portions of the

specification and prosecution history on which the party relies and descriptions of any

supporting extrinsic evidence. By the time the Joint Claim Construction for each patent is filed,

all allegations of infringement must be revealed, and the Court will not consider new allegations

of infringement without the asserting party showing good cause.

The claim construction hearing will be set for one full trial day (approximately 5 hours).

If more or less time is required, the parties are instructed to inform Teri Roberts at 206-370-

8810. Ten days before the claim construction hearing, the parties shall filed and serve a list of

all witnesses who will be called to testify. All rebuttal witnesses shall be disclosed at least five

days before the hearing.

COOPERATION

As required by CR 37(a), all discovery matters are to be resolved by agreement if

possible. Counsel are further directed to cooperate in preparing the Joint Claim Construction

and final pretrial order in the format required by CR 16.1, except as ordered below.

MINUTE ORDER SETTING TRIAL DATE & RELATED DATES - 5

1

EXHIBITS

2

    The original and one copy of any exhibits to be used at the <u>Markman</u> hearing and/or trial

3

4

are to be delivered to chambers five days before the hearing or trial date.  Each exhibit shall be

5

clearly marked.  Exhibit tags are available in the Clerk's Office.  The Court hereby alters the CR

6

16.1 procedure for numbering exhibits:  plaintiff's exhibits shall be numbered consecutively

7

beginning with 1; defendant's exhibits shall be numbered consecutively beginning with 500.

8

Duplicate documents shall not be listed twice: once a party has identified an exhibit in the

9

10

pretrial order, any party may use it.  Each set of exhibits shall be submitted in a three-ring binder

11

with appropriately numbered tabs.

12

SETTLEMENT

13

    Should this case settle, counsel shall notify Kerry Simonds, the deputy clerk, at

14

206-370-8519 as soon as possible.  Pursuant to GR 3(b), an attorney who fails to give the

15

16

Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems

17

appropriate.

18

    DATED this 22nd day of September, 2009.

19

20

                           /s/ Kerry Simonds

21

                          Kerry Simonds, Deputy Clerk to
                          the Honorable Robert S. Lasnik, Judge

22

23

24

25

26

MINUTE ORDER SETTING TRIAL DATE & RELATED DATES - 6